# UNITED STATES DISTRICT COURT
for the
### Western District of Kentucky
Louisville Division

| | | |
|---|---|---|
| Melissa Summers<br> *Plaintiff*<br><br>v.<br><br>Central Portfolio Control, Inc.<br> *Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.   3-12-cv-543-S |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

  1. This is an action by a consumer seeking damages and declaratory relief for Defendants' violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### JURISDICTION

  2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

  3. Plaintiff, Melissa Summers, is a natural person who resides in Jefferson County, Ky. Plaintiff is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

  4. Defendant, Central Portfolio Control, Inc. ("CPC") is a limited liability company, the principal purpose of whose business is the collection of debts, operating a debt collection agency with its principal place of business located 6640 Shady Oak Road, Suite 300, Eden Prairie MN 55344

  5. CPC regularly collect or attempt to collect debts owed or due or asserted to be owed or due another, and are each "debt collectors" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

**STATEMENT OF FACTS**

6. During various times in 2012, CPC has called Ms. Summers numerous times to concerning the collection of a debt she allegedly owes to Kay Jewelers, acct. ******987, including calls made to her place of employment.

7. Ms. Summers repeatedly asked the CPC employee, representative, or agent to stop calling her, especially to stop calling her at work.

8. On or about June 1, 2012, Ms. Summers wrote CPC a letter asking that it stop contacting her and to stop calling her place of employment in an attempt to collect a debt.

9. After receiving Ms. Summers' June 1st letter, CPC continued to contact her on a regular basis, including calls approximately every other day to her place of employment.

10. On August 7, 2012, Ms. Summers first contacted attorney James H. Lawson to discuss her options concerning CPC's repeated telephone calls and its refusal to honor her written request to cease communication with her.

11. The same day, August 7, 2012, Mr. Lawson drafted and mailed by U.S. First Class Mail CPC a debt-validation and cease-and-desist letter to CPC. (A copy of the 8/7/12 letter is attached as an Exhibit).

12. The August 7 debt-validation letter states in pertinent part:

> If your office fails to respond to this validation request within 30 days from the date of your receipt, all references to this account must be deleted and completely removed from Ms. Summers's credit file and a copy of such deletion request shall be sent to me immediately. I also expect and demand that you cease and desist from any further contact directly with Ms. Summers and that any further contact is made to me directly as Ms. Summers's counsel.

13. Six days later on August 13, 2012, James Thomas from Central Portfolio Control, Inc. again called Ms. Summers about the collection of a debt she allegedly owes to Kay Jewelers, acct. ******987.

**CAUSE OF ACTION**

**I. Violations of the Fair Debt Collection Practices Act**

14. The foregoing acts and omissions of Central Portfolio Control, Inc. constitute violations of the FDCPA, including, but not limited to:

> **(a)** CPC violated 15 U.S.C. 1692d(5) by engaging in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt" by "[c]ausing [Ms. Summers's] telephone to ring or

engaging [Ms. Summers] in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass [Ms. Summers] at the called number.";

**(b)** CPC violated 15 U.S.C.A. § 1692c(a)(2) by continuing to call Ms. Summers about the alleged, unidentified debt after being put on clear written and unequivocal notice that **(1)** Ms. Summers was represented by counsel and the name, address, email address, and telephone and fax numbers for Ms. Summers's counsel; and **(2)** that Ms. Summers's counsel did not consent to the contact;

**(c)** CPC violated 15 U.S.C.A. § 1692c(c) by continuing to call Ms. Summers about the alleged, unidentified debt after twice receiving a clear and unequivocal written notice to cease and desist further communications with Ms. Summers; and

**(d)** CPC violated 15 U.S.C. § 1692c(3) by calling Ms. Summers place of employment when it was on clear notice Ms. Summers' employer prohibited her from receiving such communication.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Melissa Summers, requests that the Court grant the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff statutory damages;

3. Award Plaintiff punitive damages;

4. Award Plaintiff reasonable attorney's fees;

5. Award Plaintiff costs;

6. Such other relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted

/s/

**James R. McKenzie**
Pedley & Gordinier, PLLC
10600 Timberwood Circle
Suite 1
Louisville, KY 40223
jmckenzie@pedleylaw.com
Tel:   (502) 214-3120
Fax:   (502) 214-3121

**James H. Lawson**
*Lawson at Law, PLLC*
10600 Timberwood Circle
Suite 1
Louisville, KY 40223
(502) 473-6525
Email: james@kyclc.com
*Counsel for Plaintiff*